IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL HARVEY,
   Plaintiff,

v.

BANK OF AMERICA,
   Defendant.

Civil Action No.
1:23-cv-02051-SDG

**OPINION AND ORDER**

The matter is before the Court on Defendant Bank of America's unopposed motion to dismiss [ECF 10] *pro se* Plaintiff Samuel Harvey's Complaint and its motion to stay pretrial deadlines [ECF 11]. After careful consideration, the Court **GRANTS** the motion to dismiss and **DENIES AS MOOT** the motion to stay pretrial deadlines.[1]

**I.   BACKGROUND**

The Complaint in this case consists of a single paragraph.[2] Harvey alleges that he attempted to deposit a check for $48,280 into his Bank of America account and, despite having his debit card and photo identification, was turned away.[3]

---

[1] Section II(c) of the Court's Standing Order automatically stays all discovery until the Court rules on the motion to dismiss or otherwise directs. ECF 7, at 7. This stay includes all pretrial activity and deadlines.

[2] Harvey filed an "amended complaint" which simply states that he demands five million dollars "for this case" [ECF 4] so the Court will treat the initial complaint as the operative complaint for purposes of this Order.

[3] ECF 3, at 5.

When he asked why he was being rebuffed, the branch manager allegedly stated that he or she "could not tell [him] that."[4] Harvey was then told to take the check to SunTrust bank, the bank that issued the check.[5] According to Harvey, this constitutes "bank discrimination."[6] He further alleges that he is a black male and that Bank of America's actions constitute racial discrimination.[7]

Bank of America moves to dismiss this case,[8] and Harvey did not respond. It argues that dismissal is appropriate for failure to properly serve process and failure to state a claim. The Court agrees on both counts.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[4]     *Id.*

[5]     *Id.*

[6]     *Id.*

[7]     *Id.* at 4.

[8]     ECF 10.

A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n,* 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.,* 355 F. App'x 318, 322 (11th Cir. 2009).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, it must construe the Complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted) (quotation marks omitted). *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[P]*ro se* document[s] are to be liberally construed.") (cleaned up); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d

835, 837 (11th Cir. 1998) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). When a plaintiff fails to respond to a motion to dismiss, as here, the district court may consider only the defendants' arguments and the complaint's allegations. *Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017).

**III.    Discussion**

    **A.    Failure to perfect service of process.**

Fed. R. Civ. P. 4(h) provides that a domestic or foreign corporation may be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . . " and, if required by statute, mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) allows for service by: "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Georgia law, corporations incorporated or

transacting business in Georgia may be served by delivering a copy of the summons and complaint:

> [T]o the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served.

O.C.G.A. § 9-11-4(e)(1)(A).

It appears that Harvey simply mailed a copy of the summons and Complaint to the Bank of America headquarters in Charlotte, North Carolina.[9] According to Bank of America and the relevant rules, this method does not constitute proper service of process. Absent any argument or factual allegation to the contrary, the Court agrees. Thus, this Court has no jurisdiction over Bank of America in this case. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("[A] court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

---

9   ECF 8.

### B.     Failure to state a claim.

The Court also finds that Harvey has failed to plead facts sufficient to state a claim for race discrimination.[10] He alleges nothing suggesting that Bank of America engaged in such discrimination. He states only that his attempt to deposit his check was denied, and that he is a black man. He then states in conclusory fashion that this constituted race discrimination. Even construing his complaint liberally, there is simply an insufficient factual basis to allow this Court to tie the bank's refusal to deposit his check to any racial bias. Accordingly, the Court finds that dismissal is also appropriate under Fed. R. Civ. P. 12(b)(6).

## IV.    Conclusion

Bank of America's motion to dismiss [ECF 10] is **GRANTED** and its motion to stay [ECF 11] is **DENIED AS MOOT**. Plaintiff's Complaint is **DISMISSED without prejudice**.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies identified in this order. Any such amended complaint must be filed within 30 days of this Order. In the interim, the Clerk of Court is **DIRECTED** to

---

[10]  And, the Court is unaware of any claim or form of relief tied to what Harvey refers to as "bank discrimination."

administratively close this case. If no amended complaint is filed within 30 days of this Order, Plaintiff's claims shall be dismissed with prejudice at that time.

**SO ORDERED** this 31st day of March, 2024.

Steven D. Grimberg
United States District Judge